**WILLIAMS v. BARBER.**

No. 9320.

Court of Civil Appeals of Texas. San Antonio.

Nov. 15, 1933.

Stroud & Wade, of Beeville, for appellant.

Sid B. Malone, of Beeville, for appellee.

SMITH, Justice.

Appellant, Tom Williams, and appellee, C. A. Barber, were rival candidates for the office of county commissioner of precinct No. 3, in Bee county, at the November, 1932, general election.

Upon the returns made the county commissioners' court found that Barber received thirty-eight votes and Williams thirty-six votes, wherefore the former took the office.

In a contest before the district court the same result was ascertained and declared. Williams has appealed. Williams and Barber will be herein referred to as contestant and contestee, respectively.

It is first contended by contestant that the trial court improperly counted the ballots of Ludwig Krause and wife, Stella, for appellee. It is contended that the Krauses were not such residents of said precinct as to entitle them to vote therein. We overrule this contention, upon the ground that the evidence upon that issue was sufficient to support the trial court's finding thereon. The Krauses, husband and wife, with their four minor children, established their home in said precinct in 1929, and resided therein all the time until in 1931, when Stella Krause, taking her youngest child with her, went to Giddings and took employment to help in the support of the family, which was in needy circumstances. After working at Giddings for a month or more, Stella Krause went to Beeville and took over the operation of a tourist camp, which she continued to operate, apparently up to the time of the election in question, in November, 1932. During the whole period of her experiment in earning a living, she went back "home" from time to time, to be with those of her family who remained there, including her husband and some of the children. It is true, apparently, that she was not happy in her married life. She despised her environment in the locality of her home, and resolved and often declared she would never return to live there if she could better her situation elsewhere. She ceased to care for her husband, and at times strayed far out of the nuptial inclosure, but because of some lingering sentiment or instinct, or struggling sense of duty, coupled with her mother love, she still returned home from time to time, under such circumstances as to warrant the conclusion of the trial

judge that she, as well as her husband, was a resident of that precinct and was properly allowed to vote therein. We overrule appellant's first and second propositions.

Appellant next complains of the exclusion of one Wilbur Canada from the polls upon the ground that he was not a legal resident of the precinct for the purpose of voting. We conclude, however, as in the case of the Krauses, that the evidence was sufficient to make Canada's status an issue of fact, and decline to disturb the trial court's finding thereon. It is not deemed necessary to set out the voluminous testimony upon this issue, but appellant's third proposition, raising this question, will be overruled without further notice.

The election officials rejected the proffered votes of Cayetano Rios and wife, Doretea, who would have voted for appellant had they been permitted to exercise the privilege. Appellant complains of the ruling of the trial judge in sustaining the rejection of those votes. The court's ruling was based upon the finding that Rios was an alien, whereby he, as well as his wife, was disqualified. Much evidence was admitted upon the issue of Rios' alienage, based upon the contention that he was born in the Republic of Mexico, and made no claim to naturalization. We have carefully considered the testimony upon this issue, and are clearly of the opinion that it supports the trial court's finding against Rios' citizenship. Rios himself testified that he was born in the United States, but based his testimony solely upon the contention that he had heard his parents say he was born in this country. It was shown, however, that he had been often heard to say he was born in Mexico, and it seems undisputed that all his brothers and sisters were born in Mexico, and that his parents lived all their lives in that Republic. These and other facts in evidence made the issue one purely of fact, which the trial judge resolved against appellant. That finding is binding upon this court.

These conclusions settle the appeal, and the judgment is affirmed.